**TEXAS EASTERN TRANSMISSION CORP. et al. v. STANDARD ACC. INS. CO. et al. (ANDERSON BROS. CORP. et al., third-party defendants).**

Clv. No. 1470.

United States District Court
M. D. Tennessee, Nashville Division.

Dec. 16, 1952.

Stewart, McCary & Crownover, Nashville, Tenn., Vinson, Elkins & Weems, Houston, Tex., and Powell, Wirtz & Rauhut, Austin, Tex., for plaintiffs.

Will R. Manier, Jr. and Cecil Sims, Nashville, Tenn., for defendants.

Miller Manier, Lowe Watkins, and Dan E. McGugin, Nashville, Tenn., for third-party defendants.

DAVIES, District Judge.

The third-party defendants, Anderson Brothers Corporation and United States Guarantee Company, have filed a motion to vacate the previous order of the Court which allowed the original defendants, as third-party plaintiffs, to make Anderson Brothers Corporation and United States Guarantee Company third-party defendants to this suit under Rule 14 of the Rules of Civil Procedure, 28 U.S.C.

It is the opinion of the Court that Rule 14 does not contemplate a motion to vacate a previous order of the Court allowing a defendant as third-party plaintiff to serve a summons and complaint upon a person, not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him, as a third-party defendant. The Rule provides that upon the granting of such a motion the third-party defendant shall make his defenses to the third-party plaintiff's claim as provided in Rule 12 and his counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 13. The Court, in granting the motion to make Anderson Brothers Corporation and United States Guarantee Company third-party defendants, has already acted upon the question of the original defendants' claim that the third-party defendants may become liable to them for all or part of plaintiffs' claim, and under the orderly procedure provided for in Rule 14, it now becomes the duty of the third-party defendants to make their defense to the third-party plaintiffs' claim just as if they had been made defendants to any other lawsuit filed in the usual manner. Rules 12 and 13 set out fully the nature of the defenses available to the third-party defendants, and a motion to vacate the original order would only amount to a rehearing or retrial of the same matters upon which the Court has already acted, and is not in order and not contemplated by Rule 14.

For these reasons, the motion to vacate will be overruled and disallowed.